**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**RICHARD WAYNE GREENWOOD,**                                                **PLAINTIFF,**

**VS.**                                                          **CIVIL ACTION NO. 4:03CV351-P-B**

**ROBERT MORTIMER,**                                                                 **DEFENDANT.**

**MEMORANDUM OPINION**

This matter comes before the court upon Defendant's Motion for Summary Judgment [38-1]. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

With respect to Count II of the Complaint, the defendant's motion for summary judgment should be granted. Count II sets forth a claim for defamation. Inexplicably, the briefs by both parties have referred not to defamation but rather to interference with business relations. In any event, the plaintiff has not denied that he has no evidence that Mortimer, or anyone prompted by Mortimer, actually told any prospective employer about the embezzlement charges sought by Mortimer against the plaintiff. In fact, the plaintiff admitted that he himself told the prospective employer in Florida of the charges. The plaintiff has not otherwise developed his defamation claim in the briefs. Thus, there is no genuine issue of material fact necessitating a trial on the plaintiff's defamation claim since evidence supporting that claim is wanting.

The remaining claim is for malicious prosecution. The elements of malicious prosecution in Mississippi are: (1) institution, or continuation, of an original criminal or civil judicial proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the

proceeding; and (6) suffering of damages as a result thereof. *Condere Corp. v. Moon*, 880 So.2d 1038, 1041 (Miss. 2004). The only elements seriously disputed are the fourth and fifth elements.

With regard to the malice element, the Mississippi Supreme Court recently stated:

> Malice does not refer to mean or evil intent, as a layman might ordinarily think. Rather, malice in the law of malicious prosecution is a term used in an artificial and legal sense. It connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice. As such, it refers to the defendants objective, not his attitude. Malice may be and usually is shown by circumstantial evidence. The jury may infer malice from the facts of the case.

*Condere Corp. v. Moon*, 880 So.2d 1038, 1043-44 (Miss.2004). The malice element is often related to the element requiring a lack of probable cause. In fact, malice may be inferred from a lack of probable cause, *Nassar v. Concordia Rod and Gun Club, Inc.*, 682 So.2d 1035 (Miss. 1996), and the lack of probable cause in instituting a prosecution is or can be circumstantial evidence of malice. *Junior Food Stores, Inc. v. Rice*, 671 So.2d 67 (Miss. 1996). "[M]alice is a question of fact to be determined by the jury unless only one conclusion may reasonably be drawn from the evidence." *Id.* at 73.

The plaintiff argues that Mortimer's real objective in filing embezzlement charges against him was not to bring the plaintiff to justice but to effectuate "vengeance" for the subsequent failure of Mortimer's car dealership and to avoid paying the plaintiff all that was owed to him. Thus, according to the plaintiff, there is a genuine issue of material fact regarding malice. The court agrees. Because it cannot be said in this case that only one conclusion may reasonably be drawn from the evidence, the question of malice in this case one for the jury.

The lack of probable cause element has two sub-elements: (1) a subjective element – *i.e.*, that the defendant had an honest belief in the guilt of the person accused; and (2) an objective

element – *i.e.*, that the defendant's grounds for such belief were objectively reasonable. *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968 (Miss.2001). Another applicable standard for the probable cause element is: "[W]here a reasonable person would investigate further before instituting a proceeding, a failure to do so is an absence of probable cause." *Rice*, 671 So.2d 67.

Probable cause in malicious prosecution cases is "determined from the facts apparent to the observer when prosecution is initiated," and when the facts are undisputed, the court decides whether probable cause existed. *Nassar*, 682 So.2d 1035. However, when the facts are in dispute, as they are here, the issue of probable cause is a jury question. *Rice*, 671 So.2d 67.

The court concludes that because there are clearly factual disputes relevant to the lack of probable cause element, there are genuine issues of material fact necessitating a jury trial in order to determine whether Mortimer conducted a reasonable investigation before bringing about the embezzlement charges against the plaintiff such that Mortimer's belief there was probable cause in bringing about the charges was objectively reasonable.

For the reasons discussed above, the court concludes that Defendant's Motion for Summary Judgment [38-1] should be granted in part and denied in part. Accordingly, an Order shall issue forthwith,

**THIS DAY** of August 17, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE